# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

TIMOTHY EDWARD CHAPMAN

        Debtor

CHERIE CHAPMAN

        Plaintiff

      v.

TIMOTHY EDWARD CHAPMAN

        Defendant

Case No. 3:16-bk-33188-SHB
Chapter 7

Adv. Proc. No. 3:17-ap-3008-SHB

## **M E M O R A N D U M**

**APPEARANCES:**   MOSTOLLER, STULBERT & WHITFIELD
    Ann Mostoller, Esq.
    Hannah Tippett, Esq.
    136 South Illinois Ave.
    Suite 104
    Oak Ridge, Tennessee 37830
    Attorneys for Plaintiff

    TIMOTHY EDWARD CHAPMAN, *Pro Se Defendant*
    207 Dailey Avenue
    Loudon, Tennessee  37774

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

Plaintiff, Cherie Chapman, filed a Complaint to Determine Dischargeability, asking the Court to determine that Defendant's marital debt owed to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(15).[1] Plaintiff now asks the Court to grant her summary judgment and declare that the debt is nondischargeable under 11 U.S.C. § 523(a)(15). Although Defendant, acting *pro se*, filed an answer to the complaint,[2] he has not responded to Plaintiff's Motion for Summary Judgment filed on July 21, 2017 [Doc. 10.] Defendant's failure to respond to the motion, pursuant to E.D. Tenn. LBRs 7007-1(a) and 7056-1(b), results in the Court concluding that Defendant does not oppose the relief requested by Plaintiff in the motion and that the material facts set forth in the motion are admitted by Defendant.

## I. FACTS

Defendant filed his Chapter 7 petition on October 28, 2016, and Plaintiff timely filed this adversary proceeding on April 7, 2017. [Doc. 12, ¶¶ 1-2.] After Plaintiff and Defendant were divorced on July 8, 2011, Plaintiff obtained an order from the state court on May 18, 2016, requiring Defendant to pay Plaintiff $13,275.13 for her one-half equity interest in the marital residence because Defendant had not complied with the state court's Final Decree of Divorce, plus an additional $700.00 (plus pre-judgment interest) related to a credit union debt that Defendant owed to Plaintiff. [*Id.*, ¶¶ 3-5, 7; Doc. 10, pp. 18, 21-22.]

Defendant scheduled the debt owed to Plaintiff on his Schedule E/F in the amount of $14,359.00. [Doc. 12, ¶ 8.]

---

[1] This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(I).

[2] In his "Response to Summons in an Adversary Proceeding" [Doc. 6], Defendant quoted from the pre-2005 version of 11 U.S.C. § 523(a)(15), which allowed discharge of marital debt if the debtor did not have the ability to pay the debt "from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . . ." Such provision was removed from subsection (a)(15) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Pub. L. No. 109-8, 119 Stat. 23.

2

## II. ANALYSIS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" utilizing the following procedures:

> (1) *Supporting Factual Positions*.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence*.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited*.  The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations*.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c) (applicable in adversary proceedings through Rule 7056 of the Federal Rules of Bankruptcy Procedure).  The Court does not weigh the evidence to determine the truth of the matter asserted when deciding a motion for summary judgment but simply determines whether a genuine issue for trial exists.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Plaintiff, as movant, bears the burden of proving that summary judgment is appropriate by establishing that there is no genuine dispute concerning any material fact, such that any defense alleged is factually unsupported. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once a plaintiff has met the initial burden, the burden then shifts to the defendant to prove that there is a genuine dispute of material fact for trial, although a defendant may not rely solely on allegations or denials contained in the pleadings. *See Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006) (holding that reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient"); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,475 U.S. 574, 586 (1986). The facts and all resulting inferences are viewed in a light most favorable to Defendant, and the Court must decide whether "the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 243. Nevertheless, when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

Section 727 provides for discharge from debt unless it is excepted under § 523. *See* 11 U.S.C. § 727(a)-(b). Section 523(a)(15) provides

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt– . . . (15) to a . . . former spouse . . . and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a government unit . . . .

Here, Plaintiff has met her burden to prove that the debt owed to her by Defendant was incurred by Defendant in connection with an order of a court of record to enforce the original Final Decree of divorce that incorporated the Marital Dissolution Agreement and that the

4

obligation is not a domestic support obligation as described in 11 U.S.C. § 523(a)(5). Accordingly, such debt is nondischargeable under 11 U.S.C. § 523(a)(15).

### III. CONCLUSION

Plaintiff having met her burden under Rule 7056 to establish that the debt owed to her by Defendant qualifies as nondischargeable under § 523(a)(15), summary judgment is granted to Plaintiff. An order consistent with this Memorandum will be entered.

FILED: September 25, 2017

BY THE COURT

*/s/ Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE